COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Bray
Argued at Richmond, Virginia


JERRY ANDREW LIPSCOMB
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1644-00-2              JUDGE LARRY G. ELDER
                                             MAY 8, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

            Gregory W. Franklin, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            Michael T. Judge, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Jerry Andrew Lipscomb (appellant) appeals from his bench

trial conviction for misdemeanor trespass pursuant to Code

§ 18.2-119.  On appeal, he contends the evidence was

insufficient to prove he acted with the requisite intent.  We

agree and reverse his conviction.

                              I.

                          BACKGROUND

     On February 12, 2000, Richmond Police Officer Jerry Carter

observed a car driving into the front entrance of an apartment

complex posted with "No trespassing" signs.  Appellant was a

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

passenger in the vehicle.  The driver pulled into the complex,
parked and turned off the vehicle's lights.  About two minutes
later, Carter observed the car back out and exit the apartments.

Carter stopped the vehicle to investigate the possible
trespass, although no evidence indicates Carter told the
occupants of the vehicle that the property was posted or that he
stopped them to determine whether they were trespassing.  When
Carter asked appellant "what he was doing there," appellant
responded that "he was just riding, he had no control over where
the driver goes."[1]

At trial, appellant moved to strike the Commonwealth's
evidence on the ground that it failed to prove appellant acted
with the requisite criminal intent.  The Commonwealth argued
that the evidence was sufficient because appellant was on posted
property without authority and no evidence indicated he was
taken there by force or against his will.  The trial court
denied the motion on the ground that appellant could have asked
to be let out of the car but that no evidence established he did
so.  Appellant presented no evidence and renewed his motion.
The trial court again denied the motion, stating that appellant

_____

[1] Carter testified that the driver said he was on the
premises because he had lost his wallet there two days earlier
and had come back to look for it.  Although the trial court
initially admitted this testimony over appellant's hearsay
objection, the court subsequently indicated it would disregard
that evidence.

-

"should have seen the no trespassing sign and said I'm not going to trespass, let me out."

The court convicted appellant of misdemeanor trespass and fined him $100.

II.

ANALYSIS

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  See id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Code § 18.2-119 provides that "[i]f any person without authority goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, . . . after having been forbidden to do so by a sign or signs posted by [the owner] . . . , he shall be guilty of a Class 1 misdemeanor." This statute "has been uniformly construed to require a willful trespass."  Reed v. Commonwealth, 6 Va. App. 65, 70, 366 S.E.2d

-

274, 278 (1988).  "'Willful' generally means an act done with a bad purpose, without justifiable excuse, or without ground for believing it is lawful.  The term denotes '"an act which is intentional, or knowing, or voluntary, as distinguished from accidental."'"  Ellis v. Commonwealth, 29 Va. App. 548, 554, 513 S.E.2d 453, 456 (1999) (quoting Snead v. Commonwealth, 11 Va. App. 643, 646, 400 S.E.2d 806, 807 (1991) (quoting United States v. Murdock, 290 U.S. 389, 394, 54 S. Ct. 223, 225, 78 L. Ed. 2d 381 (1933), overruled on other grounds, Murphy v. Waterfront Comm'n, 378 U.S. 52, 84 S. Ct. 1594, 12 L. Ed. 2d 678 (1964))).  "'Criminal intent is an essential element of the statutory offense of trespass, even though the statute is silent as to intent . . . .'"  Reed, 6 Va. App. at 71, 366 S.E.2d at 278 (quoting 75 Am.Jur.2d Trespass § 87 (1974)).

Intent, like any element of a crime, may be proved by circumstantial evidence, see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, see Long, 8 Va. App. at 198, 379 S.E.2d at 476.  "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

Here, the circumstantial evidence was insufficient to prove intent.  Although appellant was a passenger in a vehicle driven

-

onto property clearly posted with "No trespassing" signs, no evidence established that he saw those signs either as the car entered the property or while it remained parked on the property for no more than two minutes. Although the vehicle's driver may have had a legal duty to keep a proper lookout, cf. Hogan v. Carter, 226 Va. 361, 368-69, 310 S.E.2d 366, 370 (1983) (noting statutory and common law duty to maintain reasonable lookout for other drivers), the law imposed no such duty on appellant. It would have been wise for appellant to have remained aware of his surroundings as he traveled with the driver, but he had no legal duty to do so. In the absence of such a duty, the trial court erred in concluding that appellant "should have seen the no trespassing sign" and asked the driver to let him out and that his failure to do so was sufficient to support the conviction.

Further, appellant's statements to Officer Carter were insufficient to establish intent. Although Officer Carter testified that he stopped the vehicle to determine whether it was trespassing, no evidence in the record indicates that he communicated this purpose to appellant or the vehicle's driver. Rather, he asked appellant "what he was doing there," to which appellant responded that "he was just riding, he had no control over where the driver goes." This evidence also fails to establish that appellant saw the no trespassing signs or intended to trespass by remaining in the car.

-

Because the Commonwealth failed to exclude all reasonable hypotheses of innocence flowing from the evidence, we reverse and dismiss appellant's conviction.

Reversed and dismissed.