Salem

ALICE MARIE SNEAD

v.

COMMONWEALTH OF VIRGINIA

No. 0969-89-3

Decided February 5, 1991

COUNSEL

John E. Falcone (Smith & Falcone, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—The appellant, Alice Marie Snead, was convicted in a bench trial for a third offense of willful concealment of merchandise under Virginia Code §§ 18.2-103 and 18.2-104. On appeal, she raises four questions: (1) whether the evidence was sufficient, as a matter of law, to prove that she intended to convert the

merchandise involved to her own or another's use; (2) whether there was sufficient evidence of a "willful concealment" of merchandise to establish a *prima facie* case of intent to convert; (3) whether evidence of her prior convictions of passing bad checks was relevant and was a competent predicate to constitute the offense on trial a third offense under Code § 18.2-104(b); and (4) whether Code § 19.2-297 should apply in this case to enhance punishment upon a conviction of willful concealment of merchandise following convictions of passing bad checks. The Commonwealth has conceded that Code § 19.2-297 does not apply. Therefore, we do not consider this question. We find that the evidence was sufficient to support the appellant's conviction of an offense under Code § 18.2-103. However, we hold that the prior bad check convictions did not constitute the offense on trial a third offense under Code § 18.2-104(b). For these reasons, we reverse.

On January 7, 1989, the appellant entered the Harris-Teeter Supermarket in Lynchburg with her nine-month old grandson. She placed the child in the seat in the top of a shopping cart and proceeded through the store, putting in the cart various items which she intended to purchase. From a rotating rack she took two packs of cigarettes and placed them in the top basket of the cart next to the child. After proceeding a short distance, she removed the packs of cigarettes from the top basket of the cart and put them in an open pocket of her coat. All of this was observed by a security guard, who then came forward, demanded the cigarettes, detained the appellant, and lodged this charge against her. The appellant explained to the guard and again at trial that the child had begun "messing with" the cigarettes and that the mesh of the upper basket of the shopping cart was sufficiently large that the cigarette packs could have fallen through. She said that she put them in her pocket in order to carry them securely to the store checkout where she intended to pay for them.

Code § 18.2-103 provides:

Whoever, without authority, with the intention of converting goods or merchandise to his own or another's use without having paid the full purchase price thereof, or of defrauding the owner of the value of the goods or merchandise, (i) willfully conceals or takes possession of the goods or merchandise of any store or other mercantile establishment . . . shall

be deemed guilty of larceny and upon conviction thereof shall be punished as provided in Section 18.2-104. The willful concealment of goods or merchandise of any store or other mercantile establishment, while still on the premises thereof, shall be prima facie evidence of an intent to convert and defraud the owner thereof out of the value of the goods or merchandise.

Code Section 18.2-104 provides:

(a) Any person convicted for the first time of an offense under Section 18.2-103, when the value of the goods or merchandise involved in the offense is less than $200, shall be guilty of a Class I misdemeanor.

(b) Any person convicted of an offense under Section 18.2-103, when the value of the goods or merchandise involved in the offense is less than $200, and it is alleged in the warrant or information on which he is convicted, and admitted, or found by the jury or judge before whom he is tried, that he has been before convicted in the Commonwealth of Virginia for the like offense, regardless of the value of the goods or merchandise involved in the prior conviction, or for a violation of Section 18.2-95 or Section 18.2-96, shall be confined in jail for not less than thirty days nor more than twelve months; and for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.

We treat questions (1) and (2) as a single issue. Code § 18.2-103, as applicable to this case, contains two elements. The Commonwealth must prove (1) a willful concealment of merchandise, done (2) with the intent to convert the merchandise or to defraud the storekeeper. The appellant argues that the word "willfully" means "with a bad purpose." The Commonwealth contends that it merely means intentionally.

The word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely. The word is also employed to characterize a thing done without ground for believing it is lawful. . . .

*United States v. Murdock*, 290 U.S. 389, 394 (1933).

> In a criminal statute, "willfully" ordinarily means designedly, intentionally or perversely. "[T]he correct application [of willfully] in a particular case will generally depend upon the character of the act involved and the attending circumstances." . . . In the absence of direct evidence of intent, willfulness must be established through circumstances.

*Lambert v. Commonwealth*, 6 Va. App. 360, 363, 367 S.E.2d 745, 746 (1988). The evidence supported the trial court's finding that the appellant willfully concealed the packs of cigarettes. She knowingly and intentionally placed them in her coat pocket where they were not open to view. She could as well have placed them in the main basket of the shopping cart. She offered an explanation. The trial court considered that explanation, in the context of the appellant's appearance and demeanor and the overall circumstances of the case, to determine whether the appellant's conduct was justified or whether she had grounds for believing it lawful. The judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict and can not be set aside unless it appears from the evidence that it is plainly wrong or without evidence to support it. *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The trial court's finding that the appellant willfully concealed the merchandise was supported by evidence and constituted *prima facie* evidence that the concealment was for the purpose of converting the packs of cigarettes to the appellant's use and defrauding the store. The elements of Code § 18.2-103 were thus satisfied.

■■■ Over the appellant's objection, the Commonwealth introduced evidence that she had been convicted of uttering bad checks in violation of Code § 18.2-181 on December 5, 1979 and December 19, 1979. Based on this evidence, the trial court found that the charge on trial was a third offense and convicted the appellant of a Class 6 felony under the provisions of Code § 18.2-104(b). This was error. Code § 18.2-104(b) provides for one found guilty of concealment of merchandise under Code § 18.2-103 to be convicted of a Class 6 felony if he has twice before been found guilty of "the like offense" or of a violation of Code § 18.2-95 or § 18.2-96. The bad check charges were brought under Code § 18.2-181 and were thus not violations of § 18.2-95 or § 18.2-96. The ques-

tion is whether uttering a bad check under Code § 18.2-181 is an offense "like" concealment of merchandise under Code § 18.2-103. We find guidance from our Supreme Court.

> We find the language of [Code § 18.1-126.1, now § 18.2-104] unambiguous and the meaning clear. An objective reading . . . demonstrates the General Assembly, in plain terms, has designed a system of enhanced punishment for those who repeatedly commit the "shoplifting" offenses defined.

*Scott v. Commonwealth*, 217 Va. 425, 427, 230 S.E.2d 236, 237 (1976). The elements of uttering a bad check and of willfully concealing merchandise with intent to convert or defraud are different. The two offenses are not "like."

For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded for imposition of a sentence pursuant to Code § 18.2-104(a).

*Reversed and remanded.*

Coleman, J., and Moon, J., concurred.