CHARLES LEE STAMPS

v.

COMMONWEALTH OF VIRGINIA

Nos. 0369-90-3
0370-90-3

Decided July 1, 1991

COUNSEL

Dawn T. Baggett, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

MOON, J.—Charles Lee Stamps appeals his convictions of petit larceny, third offense, and concealing merchandise, third offense. He claims in each instance the evidence was insufficient and that his prior convictions were not "like" shoplifting or concealment of merchandise. We affirm and hold that stealing a check in violation of Code § 18.2-98 is "like" concealing merchandise in violation of Code § 18.2-103 for purposes of enhancing punishment under Code § 18.2-104(b), and is an offense "deemed to be larceny" for purposes of enhancing punishment under Code § 19.2-297.

On appeal, we construe the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inference fairly deducible therefrom. *Higginbotham v. Common-*

_wealth_, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

On October 24, 1989, Stamps was shopping in a supermarket when he was observed concealing throat lozenges, candy, a tea strainer, lunch meat and ham underneath his shirt and in the inside pocket of his coat. He was convicted of violating Code § 18.2-103, concealment of merchandise and punished pursuant to Code § 18.2-104(b) because it was his third offense.

Later, on November 21, 1989, as Stamps was leaving a Peoples Drug Store, a check point alarm sounded. Store employees asked Stamps to return to the store. There, Stamps removed from his person a bottle of cologne that belonged to the store and threw it onto a store shelf. For this he was convicted of petit larceny and punished pursuant to Code § 19.2-297 because it was his third offense. In each case, to enhance his punishment, the Commonwealth proved that Stamps previously had been convicted of grand larceny in violation of Code § 18.2-95, and larceny of a check in violation of Code § 18.2-98.

■ Code § 18.2-104(b) provides that when a person has been convicted of concealing merchandise, he shall be found guilty of a Class 6 felony if he has twice previously been convicted of "the like offense . . . or for a violation of § 18.2-95 or § 18.2-96." The "like offense" must be "like" concealment or taking of merchandise, as defined in Code § 18.2-103.

■ The violation of Code § 18.2-95, grand larceny, is specifically provided for in Code § 18.2-104(b) as an offense that may be used to enhance punishment. Thus, the question is whether larceny of a check in violation of Code § 18.2-98 may be used to enhance punishment. The mere fact that Code § 18.2-104(b) contains, in addition to the phrase "like offense," an express reference to Code §§ 18.2-95 and 18.2-96 does not require a conclusion that a violation of Code § 18.2-98 is not a "like offense." It is not unusual for the legislature to include overlapping terms in one section. _See Diggs v. Commonwealth_, 6 Va. App. 300, 304, 369 S.E.2d 199, 201 (1988) (en banc). Code § 18.2-103 involves the physical concealment on one's person or taking of property of another against the will of its owner. The crime is complete as of the time of the taking or concealment of the merchandise on the person with the requisite intent. Code § 18.2-98 states that "[i]f any person steal any . . . check . . . he shall be deemed guilty of lar-

ceny thereof." Thus, both crimes involve the physical taking of property with a larcenous intent.

■ This case may be distinguished from *Snead v. Commonwealth*, 11 Va. App. 643, 400 S.E.2d 806 (1991), where we held that issuing a bad check, a violation of Code § 18.2-181, was not "like" concealment of merchandise and does not trigger enhanced punishment under Code § 18.2-104(b). In *Snead*, we held that the elements of issuing a bad check and willfully concealing merchandise with the intent to commit fraud are different. *Id.* at 648, 400 S.E.2d at 807. The criminal act involved in issuing a bad check is writing or issuing the check. The criminal act in concealing merchandise is concealing or taking. However, both concealment under Code § 18.2-103 and theft of a check under Code § 18.2-98 require proof of a "like" act, a similar element —taking (concealing) against the will of the owner. Thus, stealing a check is "like" concealing merchandise.

■ With regard to the third offense petit larceny conviction, it is clear that both prior convictions are included as offenses for enhanced punishment. Code § 19.2-297 provides:

When a person is convicted of petit larceny, and it is . . . found . . . that he has been before sentenced . . . for *any larceny* or any offense *deemed to be larceny* by the law of the sentencing jurisdiction, he shall be confined in jail not less than thirty days or more than twelve months; for a third, or any subsequent offense, he shall be guilty of a Class six felony.

Here, one conviction was for grand larceny, Code § 18.2-95, which fits the "any larceny" criterion; the other conviction was for the stealing of a bad check, Code § 18.2-98, which fits the "offense deemed to be larceny" criterion.

We do not consider the other questions raised on brief because they were not raised in the trial court and, thus, may not be raised on appeal. Rule 5A:18.

The judgment appealed from is affirmed.

*Affirmed.*

Coleman, J., and Duff, J., concurred.