COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia

GERALD FRANCIS ROWLAND

v.          Record No. 1658-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                   OCTOBER 31, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      Frederick B. Lowe, Judge

          Jean Veness (Office of the Public Defender, on
          brief), for appellant.

          Thomas D. Bagwell, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Gerald Francis Rowland (defendant) was convicted in a bench

trial for concealment of merchandise in violation of Code

§ 18.2-103.  On appeal, defendant challenges the sufficiency of

the evidence to support the conviction.  We affirm the decision

of the trial court.

     The parties are fully conversant with the record in this

case, and we recite only those facts necessary for the

disposition of this appeal.

     In accordance with well established principles, we assess

the sufficiency of the evidence to support a criminal conviction

upon a review of the record in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  Id.  "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide."  Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

To convict an accused for unlawful concealment in violation of Code § 18.2-103, "[t]he Commonwealth must prove (1) a willful concealment of merchandise, done (2) with the intent to convert the merchandise or to defraud the storekeeper."  Snead v. Commonwealth, 11 Va. App. 643, 646, 400 S.E.2d 806, 807 (1991); see Code § 18.2-103.  "The willful concealment of goods or merchandise of any store or other mercantile establishment, while still on the premises thereof, shall be prima facie evidence of an intent to convert and defraud the owner thereof out of the value of the goods or merchandise."  Code § 18.2-103.

The evidence disclosed that defendant entered the Navy Exchange in the City of Virginia Beach carrying a "gym bag."  He obtained a shopping cart and proceeded to the cigarette display area.  A security officer employed by the Exchange, Dan Gaonach, noticed defendant, focused a surveillance camera on him, and observed defendant remove several cartons of cigarettes from the display, placing them inside the gym bag.  Gaonach notified base police, approached defendant and watched as he placed additional cigarettes into the bag.  When Gaonach confronted defendant, he recovered six cartons of cigarettes, valued at $84, from inside

the gym bag, and defendant remarked that he had "done something really stupid."

This evidence clearly provided ample support for the finding that defendant willfully concealed the cigarettes while still on the premises of the Exchange, thereby establishing prima facie evidence of the requisite intent to convert and defraud. See Code § 18.2-103. Nonetheless, defendant contends that it was insufficient to prove an intent to convert the merchandise or defraud the storekeeper beyond a reasonable doubt.

Defendant testified that he had placed the cigarettes into the gym bag because a physical disability prevented his use of shopping bags and "to see how many cartons would fit." The trial court, however, was entitled to disbelieve this testimony. Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc). "The mere possibility that the accused might have had another purpose than that found by the fact finder is insufficient to reverse the conviction." Bell v. Commonwealth, 11 Va. App. 530, 534, 399 S.E.2d 450, 452-53 (1991).

"Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it." Banovitch v. Commonwealth, 196 Va. 210, 216, 83 S.E.2d 369, 373 (1954). We find that defendant's conduct, together with his statement and other circumstances established in the record, supplied sufficient evidence to prove the requisite criminal intent.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>