477 S.E.2d 3

**Phillip Deangelo HARRIS, Jr.**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1952–95–2.**

Court of Appeals of Virginia,
Richmond.

Oct. 15, 1996.

Rehearing En Banc Granted Nov. 19, 1996.

Moon, C.J., filed dissenting opinion.

Patricia P. Nagel, Assistant Public Defender (David J. Johnson, Public Defender, on brief), for appellant.

Margaret Ann B. Walker, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: MOON, C.J., ELDER, J., and COLE, Senior Judge.

ELDER, Judge.

Phillip Deangelo Harris, Jr. (appellant) appeals his conviction of a third offense of petit larceny. He argues that his prior robbery conviction should not have been counted as a prior larceny conviction under Code § 18.2–104 because robbery is not a larceny or an offense deemed to be larceny or punished as larceny. He further argues that the court erred in finding that the probative value of admitting appellant's prior robbery conviction as a robbery rather than a prior larceny conviction outweighed the prejudicial impact. Because we agree with appellant's first contention, we reverse the conviction.

## I.

On June 4, 1995, appellant was arrested for petit larceny by a police officer who observed appellant enter a 7–Eleven Store and take a bottle of Boone's Farm wine and a candy bar and exit the store. Appellant was prosecuted for third petit larceny offense on the basis of two prior convictions, a petit larceny conviction in 1992 and a robbery conviction in 1979.

At trial, appellant moved *in limine* to preclude the Commonwealth from proceeding on the charge as alleged in the

indictment on the ground that his prior robbery conviction was not a proper predicate offense for enhancement purposes under Code § 18.2–104. The trial judge denied the motion. Appellant then moved the court to restrict the Commonwealth from referring to appellant's conviction as a robbery conviction and offered to stipulate that he previously had been convicted of a larceny offense. The trial judge ruled that the Commonwealth was not required to accept the stipulation and that the prior robbery conviction order was admissible to prove a predicate offense.

## II.

Code § 18.2–104 is a recidivist statute that enhances the sentence of a person convicted of a third larceny-type offense by converting a petit larceny offense from a misdemeanor to a class 6 felony. The issue in this case is whether appellant's prior conviction for robbery is a proper predicate offense for enhancement purposes under Code § 18.2–104. We hold that it is not.

The principles of statutory construction require us to ascertain and give effect to the legislative intent. The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results. In addition, penal statutes must be strictly construed against the Commonwealth and applied only in those cases clearly falling within the language of the statute. *Branch v. Commonwealth,* 14 Va.App. 836, 839, 419 S.E.2d 422, 424–425 (1992) (citations omitted).

Both the language and recent history of Code § 18.2–104 demonstrate that the General Assembly did not intend to include robbery as a predicate offense for enhancement purposes. The General Assembly amended Code § 18.2–104 in 1994 in response to our decision in *Snead v. Commonwealth,* 11 Va.App. 643, 400 S.E.2d 806 (1991). Prior to the amendment of Code § 18.2–104, the scope of predicate offenses that would enhance a defendant's sentence was narrow. The predicate offenses that enhanced the sentence of a defendant were

expressly limited to shoplifting under Code § 18.2–103 or a "like offense," grand larceny under Code § 18.2–95, and petit larceny under Code § 18.2–96. *Id.* In *Snead*, we reversed a defendant's conviction under Code § 18.2–104, holding that the crime of "uttering a bad check" under Code § 18.2–181 and shoplifting under Code § 18.2–103 were not "like offenses." 11 Va.App. at 648, 400 S.E.2d at 808.

The General Assembly responded by amending Code § 18.2–104 in 1994. A draft of the proposed amendment stated that:

> Because of judicial disagreement regarding the meaning of the term "the like offense," some arguable "like offenses" were not prosecuted or deemed not subject to prosecution by the judiciary under the "three-time loser" law. This bill expands the predicate crimes to include all larceny and fraud offenses and substantially similar offenses whether committed in or outside the Commonwealth. It would no longer be limited to shoplifting, but would subsume all larceny and fraud crimes of whatever "value" or punishment.

House 557, 1994 Reg.Sess. (on file with Commonwealth of Virginia, Division of Legislative Services) (Draft of Jan. 21, 1994). Indeed, the General Assembly's amendment of Code § 18.2–104 expanded beyond shoplifting, grand larceny and petit larceny the nature of predicate offenses that can be considered for enhancement purposes. Under the amended version, predicate offenses now include: (1) "any offense of larceny;". (2) "any offense deemed ... larceny;" (3) "any offense ... punishable as larceny;" and (4) "any substantially similar offense in any other jurisdiction." Code § 18.2–104 (1996).

In light of the manner in which the General Assembly tailored the amendment of 1994 to react to *Snead,* we do not believe the General Assembly intended to include robbery as a predicate offense. *Snead* held that "uttering a bad check" was not a predicate offense because it was neither larceny under Code § 18.2–95 and Code § 18.2–96 nor shoplifting under Code § 18.2–103, even though it was, and still is, deemed a larceny by the statute making it an offense. *Snead,*

11 Va.App. at 648, 400 S.E.2d at 808.[1]  By responding to *Snead,* the General Assembly apparently intended the amendment of Code § 18.2–104 to expand the types of predicate offenses used for enhancement purposes to include those crimes, such as uttering bad checks, that are expressly deemed or punished as larceny in the Code but were not covered by the restrictive language of the prior version of Code § 18.2–104.

Based upon both the history and language of the present version of the statute, we hold that robbery is not a proper predicate offense for enhancement purposes under Code § 18.2–104.  Robbery is neither deemed nor punished as larceny in the Code.  "In Virginia, robbery is a nonstatutory crime which continues to be defined by the common law." *Jordan v. Commonwealth,* 2 Va.App. 590, 594–595, 347 S.E.2d 152, 155 (1986) (citing *Pritchard v. Commonwealth,* 225 Va. 559, 561, 303 S.E.2d 911, 912 (1983); *Mason v. Commonwealth,* 200 Va. 253, 254, 105 S.E.2d 149, 150 (1958)).  Robbery is punished by a sentence of confinement for between five years and life in a state correctional facility, Code § 18.2–58, while both grand larceny and petit larceny are punished differently.  Code §§ 18.2–95, 18.2–96.

In addition, robbery and larceny are in distinct provisions in the Code.  The term "larceny" as it appears in this penal statute must be strictly construed against the Commonwealth. *Branch,* 14 Va.App. at 839, 419 S.E.2d at 424.  Although regulated by statute, both larceny and robbery continue to be defined by the common law.  *Darnell v. Commonwealth,* 12 Va.App. 948, 957, 408 S.E.2d 540, 545 (1991) (larceny); *Durham v. Commonwealth,* 214 Va. 166, 168, 198 S.E.2d 603, 605 (1973) (robbery).  While our Supreme Court has said that "robbery is larceny from the person, or in his presence, by

---

1. The statute criminalizing the utterance of a bad check reads:

   Any person who, with intent to defraud, shall make or draw or utter any check ... upon any bank ... knowing at the time of such making, drawing, uttering ... that the maker or drawer has not sufficient funds in ... such bank ... for the payment of such check ... *shall be guilty of larceny....*

   Code § 18.2–181 (emphasis added).

violence or intimidation," [2] the common law treats robbery and larceny as distinctive crimes. *Butts v. Commonwealth,* 145 Va. 800, 811, 133 S.E. 764, 767 (1926) (citing Wm. L. Clark, Jr., *Handbook of Criminal Law* 323 (2d ed. 1902)); *cf. Whitley v. Commonwealth,* 223 Va. 66, 73, 286 S.E.2d 162, 166 (1982), *cert. denied,* 459 U.S. 882, 103 S.Ct. 181, 74 L.Ed.2d 148 (1982), *reh. denied,* 459 U.S. 1137, 103 S.Ct. 771, 74 L.Ed.2d 984 (1983) (stating that robbery as defined at common law "is a crime against the person of the victim rather than a crime against property"). Moreover, the General Assembly maintained the distinction between robbery and larceny when it placed its regulation of the two crimes in the Code. Robbery is classified as a crime against the person, while larceny is categorized as a crime against property.[3] We have said that "it is significant that robbery is denominated as a crime against a person in the codification of our criminal statutes." *Jordan v. Commonwealth,* 2 Va.App. 590, 596, 347 S.E.2d 152 (1986). The General Assembly did not codify robbery as a crime against property because it "was concerned about the violence and fear aspect of the offense and not merely the protection of property." *Id.* Thus, when construing the statute against the Commonwealth, robbery is neither "larceny" nor an offense "deemed or punished as larceny," and we hold that the crime of robbery is not a proper predicate offense under Code § 18.2–104, a recidivist statute intended to enhance the punishment of persons who are convicted of multiple larcenies.

Because we find that appellant's prior robbery conviction is not a proper predicate offense for enhancement purposes under Code § 18.2–104, his conviction of third offense petit larceny is reversed.

*Reversed.*

---

2. *Comer v. Commonwealth,* 211 Va. 246, 250, 176 S.E.2d 432, 435 (1970).

3. Code § 18.2–58, which prescribes the penalty for robbery, is placed in Chapter 4 of Title 18.2, entitled "Crimes Against the Person." Code § 18.2–95 and Code § 18.2–96, which define both grand larceny and petit larceny, appear in Chapter 5 of Title 18.2, entitled "Crimes Against Property."

MOON, Chief Judge, dissenting.

I respectfully dissent because robbery, in my opinion, is "an offense of larceny" or an "offense deemed to be larceny" within the meaning of Code § 18.2–104.

Larceny is a lesser-included offense of robbery. A robbery indictment, therefore, necessarily "includes all elements of whatever larceny offense it charges, whether grand or pet-it...." *Motors v. Commonwealth*, 14 Va.App. 470, 472, 417 S.E.2d 314, 315 (1992). We concluded in *Walker v. Commonwealth*, that robbery is distinct from larceny because the larceny is accomplished through the use of violence or threat of harm. 14 Va.App. 203, 206, 415 S.E.2d 446, 448 (1992). Thus, robbery is larceny in it most egregious form. Therefore, I would hold that robbery is "an offense of larceny" or "an offense deemed to be larceny."

Appellant's reliance on our holding in *Snead v. Commonwealth*, 11 Va.App. 643, 400 S.E.2d 806 (1991), is unpersuasive because *Snead* interprets the predecessor statute to Code § 18.2–104. As amended, the statute no longer contains the limitations upon which the *Snead* ruling was based and now encompasses any prior larceny offense or any offense deemed or punishable as larceny.

I would also hold that the trial judge did not err in refusing to require the Commonwealth to accept appellant's stipulation that he previously had been convicted of a larceny offense. The Commonwealth is not required to accept a stipulation. *Essex v. Commonwealth*, 18 Va.App. 168, 442 S.E.2d 707 (1994). We reached the same conclusion in *Glover v. Commonwealth*, where the defendant, like appellant here, argued that the evidence of his prior offense was not necessary to obtain a conviction, given his offer to stipulate that he had a prior conviction of the type necessary to satisfy the statute under which he was prosecuted. 3 Va.App. 152, 161–62, 348 S.E.2d 434, 440 (1986), *aff'd*, 236 Va. 1, 372 S.E.2d 134 (1988). We concluded that the Commonwealth was entitled to prove its case and was under no obligation to forgo putting on its

own evidence merely because the defendant offered a qualified stipulation. *Id.*

Accordingly, because I would affirm the judgment of the trial court, I dissent.

## UPON A PETITION FOR REHEARING EN BANC BEFORE THE FULL COURT

On October 22, 1996, came the appellee, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on October 15, 1996, and grant a rehearing en banc thereof.

On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on October 15, 1996, is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellee shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.