COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


BRYAN CHRISTOPHER CONKLING

                                                    OPINION BY
v.        Record No. 1917-04-1        CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                    MAY 3, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Edward W. Hanson, Jr., Judge

    Edward W. Webb (Senior Assistant Public Defender, on brief), for
    appellant.

    Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
    Attorney General, on brief), for appellee.


    Bryan Christopher Conkling (appellant) was found guilty of petit larceny, third or

subsequent offense pursuant to Code §§ 18.2-96, 18.2-104, and 18.2-10.  The sole issue on appeal is

whether a juvenile larceny adjudication can be used as the basis for enhanced punishment under

Code § 18.2-104.  We hold that it cannot, and reverse.

                                I.  BACKGROUND

    The facts of this case are uncontroverted.  Appellant stipulated before Judge Alan

Rosenblatt[1] that he took a PlayStation 2, valued at less than $200, from a relative at a family

reunion.  Prior to this offense, appellant had been convicted of grand larceny as an adult.

Additionally, he had five juvenile larceny adjudications.  Appellant argues that his prior juvenile

adjudications cannot be used as a basis for enhancing his punishment under Code § 18.2-104.

---

[1] Judge Rosenblatt was the trial judge who ruled on the issue that is the subject of this
appeal.  Judge Hanson was the sentencing judge.

II. ANALYSIS

Appellant's sole contention on appeal is that his prior juvenile adjudications are not proper predicate offenses for sentence enhancement purposes under Code § 18.2-104. He argues that because Code § 18.2-104 does not expressly include juvenile adjudications, unlike other enhancement statutes, the statute's enhancement provisions are not implicated by juvenile adjudications.

Because this is a question of law involving the construction and application of Code § 18.2-104, we review the trial court's determination *de novo*. We consider questions of pure statutory construction *de novo*. See Mattaponi Indian Tribe v. Commonwealth, 43 Va. App. 690, 707, 601 S.E.2d 667, 675 (2004); Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998).

Code § 18.2-104 provides, in pertinent part:

> When a person is convicted of an offense of larceny or any offense deemed to be punished as larceny under any provision of the Code, and . . . he has been before convicted in the Commonwealth of Virginia or in any other jurisdiction for any offense of larceny or any offense deemed or punishable as larceny . . . regardless of whether the prior convictions were misdemeanors, felonies or a combination thereof, he shall be confined in jail not less than thirty days nor more than twelve months; and for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.

The trial court analyzed the statutory language of Code § 18.2-104 and concluded that because "there is nothing in the statute that limits such a conviction to a conviction [of] an adult," a juvenile adjudication of petit larceny could be used to elevate a later petit larceny to a felony. We disagree.

"Code § 18.2-104 is a recidivist statute that enhances the sentence of a person convicted of a third larceny-type offense by converting a petit larceny offense from a misdemeanor to a class 6 Felony." Harris v. Commonwealth, 23 Va. App. 311, 313, 477 S.E.2d 3, 4 (1996).

Well established principles of statutory construction require us to ascertain and give effect to the legislative intent. The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results. Thus, it is a basic rule of statutory construction that a word in a statute is to be given its everyday, ordinary meaning unless the word is a term of art. Because the Code of Virginia is one body of law, we may consult other statutes using the same phraseology to assist us in divining legislative intent.

Carter v. Commonwealth, 38 Va. App. 116, 124-25, 562 S.E.2d 331, 335 (2002) (internal citations and quotations omitted).

It is a fundamental principle of statutory construction that *expressio unius est exclusio alterius*, or "where a statute speaks in specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute." Commonwealth v. Brown, 259 Va. 697, 704-05, 529 S.E.2d 96, 100 (2000).

Initially we note that the primary purpose of the juvenile justice system in Virginia remains unchanged. "[J]uvenile proceedings are corrective in nature rather than penal . . . . The primary function of the juvenile courts is not conviction or punishment for crime; but crime prevention and juvenile rehabilitation." Kiracofe v. Commonwealth, 198 Va. 833, 844, 97 S.E.2d 14, 21 (1957). In the recently decided case of Roper v. Simmons, ___ U.S. ___(2005), the United States Supreme Court emphasized three traditional reasons for treating juvenile offenders differently than their adult counterparts: 1) an understandable lack of maturity and underdeveloped sense of responsibility in juveniles, often resulting in "impetuous and ill-considered actions and decisions," 2) the heightened susceptibility and vulnerability of juveniles to "negative influences and outside pressures, including peer pressure," and 3) the fact that the character and personality traits of juveniles are not as well formed, and more transitory than those of adults. Roper, ___ U.S. at ___ (internal citations omitted).

Applying the statutory principles applicable to the instant case, it is clear that when the legislature determines that other factors outweigh the considerations enunciated above, it exercises its ability to draft a statute that specifically delineates when a juvenile status adjudication may be considered for an enhanced punishment. For example, Code § 18.2-270 provides the penalty for driving while intoxicated with a prior conviction, and specifically defines prior convictions to include juvenile adjudications: "For the purpose of this section, an adult conviction of any person, *or finding of guilty in the case of a juvenile* . . . shall be considered a conviction . . . ." (Emphasis added). Similarly, Code § 18.2-308.2 prohibits the possession of firearms by a convicted felon, and applies to "(i) any person who has been convicted of a felony or (ii) *any person under the age of 29 who was found guilty as a juvenile 14 years of age or older* . . . ." (Emphasis added). Additionally, Code § 17.1-805, governing the adoption of initial discretionary sentencing guideline midpoints, specifies that "previous convictions shall include prior adult convictions *and juvenile convictions*." (Emphasis added). See also Code § 19.2-295.1 ("[T]he Commonwealth shall present the defendant's prior criminal convictions . . . including adult convictions and juvenile convictions and adjudications of delinquency . . . ."); Code § 63.2-1719 ("[C]onvictions shall include prior adult convictions and juvenile convictions or adjudications of delinquency . . . ."); Code § 63.2-1724 ("[C]onvictions shall include prior adult convictions and juvenile convictions or adjudications of delinquency . . . ."). The express inclusion of juvenile adjudications in these provisions, and its absence in Code § 18.2-104, lead us to conclude that the legislature did not intend to include juvenile larceny adjudications as predicate offenses for enhancement under the statute. See Brown, 259 Va. at 704-05, 529 S.E.2d at 100.

We note that the United States Court of Appeals for the Fourth Circuit, in applying Virginia law in United States v. Walters, 359 F.3d 340 (4th Cir. 2004), arrived at the same

conclusion.  In determining whether a juvenile adjudication could be used as the underlying

conviction for purposes of 18 U.S.C. § 922(g)(1),[2] the court noted *inter alia* that: "If [juvenile]

adjudications were considered synonymous with criminal convictions, the Virginia Assembly

would not have had to specifically so provide in the statutes in question."  Walters, 359 F.3d at

346.  That an adjudication is treated as a conviction in specific circumstances implies that it is

not so treated as a general rule.

The Commonwealth contends that Carter v. Commonwealth, 38 Va. App. 116, 562

S.E.2d 331 (2002), dictates a different result.  We disagree.  In Carter, we upheld a trial court's

ruling that the mandatory sentencing provision of Code § 18.2-308.2 was implicated by a prior

juvenile conviction.  That statute provides, in pertinent part:

> It shall be unlawful for (i) any person who has been convicted of a
> felony or (ii) *any person under the age of twenty-nine who was
> found guilty as a juvenile fourteen years of age or older* . . . to
> knowingly and intentionally possess . . . any firearm . . . any
> person who violates this section . . . shall not be eligible for
> probation, and shall be sentenced to a minimum, mandatory term
> of imprisonment of five years.

Code § 18.2-308.2 (emphasis added).

Unlike Code § 18.2-104, Code § 18.2-308.2 specifies that "any person" includes those

under the age of 29 found guilty *as a juvenil*e age fourteen or older.  Because of the specific

inclusion of offenders with prior juvenile adjudications in the statute, we concluded in Carter that

the sentencing enhancement provisions of Code § 18.2-308.2 were triggered by prior juvenile

convictions.

By contrast, Code § 18.2-104 makes no reference to juvenile adjudications.  As we stated,

if the legislature intended to include them, it knew how to say so.  This reasoning is supported by

---

[2] 18 U.S.C. § 922 makes it unlawful for any person to transport firearms or ammunition
after having been previously convicted of a crime punishable by imprisonment for a term
exceeding one year.

earlier Attorney General Opinions that, while clearly not binding, are instructive.  In responding to an inquiry as to whether prior juvenile adjudications may be considered as "convictions" for the purpose of Code § 18.2-104(b) the Attorney General wrote as follows:

> The rule in Virginia has been clear for some time that proceedings in juvenile court are civil, and not criminal, in nature.  Lewis v. Commonwealth, 214 Va. 150, 153, 198 S.E.2d 629, 632 (1973). "A finding of guilty on a petition charging delinquency under the provisions of [the Juvenile and Domestic Relations District Court] law shall not operate to impose any of the disabilities normally imposed by convictions for a crime. . . ."  Section 16.1-308.  Prior Opinions of the Office consistently conclude that a finding of delinquency by a juvenile court is not a "conviction" of a crime. See Att'y Gen. Ann. Rep.:  1978-1979 at 83, 78-79 Va. AG 83 (juvenile court finding of "not innocent" on marijuana charge does not bar probation as a first time offender for later adult offense); 1977-1978 at 203, 77-78 Va. AG 203 (delinquency adjudication not conviction of a crime for purposes of § 19.2-305.1(A)); 1976-1977 at 138, 76-77 Va. AG 128 ("not innocent" finding does not subject juvenile to additional court costs under § 19.2-368.18), and at 322, 76-77 Va. AG 322 (juvenile proceedings are not criminal in nature); 1975-1976 at 187, 188, 75-76 Va. AG 187, 188 (juvenile proceedings are not criminal cases), at 194, 75-76 Va. AG 194 (juvenile not subject to civil disabilities attached to a felony conviction), at 195-75-76 Va. AG 195 (juvenile sentenced to jail is not convicted of felony or misdemeanor), at 198, 75-76 Va. AG 198 ("felony" and "misdemeanor" designations inappropriate in juvenile proceedings), and at 199, 75-76 Va. AG 199 (juvenile proceedings are civil in nature); 1974-1975 at 227, 74-75 Va. AG 227 (juvenile court dispositions do not have the attendant civil disabilities associated with adult convictions); 1960-1961 at 175 (adjudication of delinquency is not considered conviction of a crime).

87-88 Va. AG 260, 260-61.

For the foregoing reasons, we hold that juvenile adjudications may not be used to enhance a sentence under Code § 18.2-104.  Thus we reverse and remand for the trial court to impose a sentence consistent with a misdemeanor conviction.

Reversed and remanded.