COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


CARL LEROY PITTS, III

                                                              OPINION BY
v.      Record No. 2039-10-1                        JUDGE JERE M.H. WILLIS, JR.
                                                              OCTOBER 11, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

Tanya Bullock (Bullock & Cooper, P.C., on brief), for appellant.

Joshua M. Didlake, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General; Richard B. Smith, Special Assistant
Attorney General, on brief), for appellee.


On appeal from his felony conviction of third offense petit larceny in violation of Code

§ 18.2-104, Carl Leroy Pitts contends the trial court erred in holding that his prior conviction of

attempted petit larceny was a predicate offense cognizable under the statute.  We disagree and

affirm.

At trial, Pitts stipulated that the evidence was sufficient to prove he stole an item with a

value of less than $200.  He conceded that he had suffered a prior conviction for grand larceny

and a prior conviction for attempted petit larceny under Code § 18.2-27, but he argued that the

attempted petit larceny conviction was not a predicate offense, operating under Code § 18.2-104

to enhance the petit larceny offense to a felony.  The trial court convicted Pitts of petit larceny,

third or subsequent offense, a felony.

Code § 18.2-96 defines "petit larceny" as the "commi[ssion] of simple larceny not from the person of another of goods and chattels of the value of less than $200." Code § 18.2-104 provides for the punishment for petit larceny and states in part:

> When a person is convicted of an offense of larceny or any offense deemed to be or punished as larceny under any provision of the Code . . . he shall be confined in jail not less than thirty days nor more than twelve months; and for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.

Code § 18.2-27 states: "Every person who attempts to commit an offense which is a misdemeanor shall be punishable by the same punishment prescribed for the offense the commission of which was the object of the attempt."

Relying on Harris v. Commonwealth, 23 Va. App. 311, 477 S.E.2d 3 (1996), aff'd on reh'g en banc, 24 Va. App. 613, 484 S.E.2d 170 (1997), Pitts argues that his prior attempted petit larceny conviction was not a larceny conviction within the contemplation of Code § 18.2-104, because Code § 18.2-27 does not expressly state that offense is deemed to be or is punishable as larceny.

The issue thus presented raises a question of law. Therefore, we employ a *de novo* standard of review. Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001).

"While penal statutes must be strictly construed against the Commonwealth, '[t]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results.'" Newton v. Commonwealth, 21 Va. App. 86, 89, 462 S.E.2d 117, 119 (1995) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

In Harris, the defendant was convicted of felony petit larceny based upon a prior petit larceny conviction and a prior robbery conviction. Harris, 23 Va. App. at 312, 477 S.E.2d at 4. We held that a prior robbery conviction was not a predicate offense for enhancement purposes

under Code § 18.2-104.  Id. at 313, 477 S.E.2d at 4.  In reaching that holding, we discussed the

1994 amendment to Code § 18.2-104 made in response to our holding in Snead v.

Commonwealth, 11 Va. App. 643, 400 S.E.2d 806 (1991),[1] and stated that "[p]rior to the

amendment of Code § 18.2-104, the scope of predicate offenses that would enhance a

defendant's sentence was narrow."  Harris, 23 Va. App. at 313, 477 S.E.2d at 4.  Based upon the

legislative history of the amendment, we held that under amended Code § 18.2-104 "predicate

offenses now include:  (1) 'any offense of larceny;' (2) 'any offense deemed . . . larceny;'

(3) 'any offense . . . punishable as larceny;' and (4) 'any substantially similar offense in any

other jurisdiction.'"  Id. at 314, 477 S.E.2d at 5 (quoting Code § 18.2-104).

Code § 18.2-104 includes crimes that are "punished as larceny under any provision of the

Code."  Because Code § 18.2-27 provides that attempts "shall be punishable by the same

punishment prescribed for the offense the commission of which was the object of the attempt,"

Pitts' attempted petit larceny conviction was punishable as a petit larceny conviction and was a

predicate conviction under Code § 18.2-104.  Accordingly, the trial court did not err in holding

that Pitts' prior conviction for attempted petit larceny was a predicate offense, raising his current

petit larceny offense to a felony, and in convicting appellant of petit larceny, third or subsequent

offense.

Affirmed.

---

[1] In Snead, this Court held that prior convictions for passing bad checks were not proper predicate offenses to support a conviction for felony petit larceny under Code § 18.2-104. Snead, 11 Va. App. at 647-48, 400 S.E.2d at 808.