PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Alston and Senior Judge Haley
Argued at Richmond, Virginia


CLAUDIA KATHLEEN PITTS

                                                          OPINION BY
v.      Record No. 1728-15-2            JUDGE JAMES W. HALEY, JR.
                                                      NOVEMBER 8, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven C. McCallum, Judge

J. Martelino, Jr., for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General; Benjamin H. Katz, Assistant Attorney General;
David M. Uberman, Assistant Attorney General, on brief), for
appellee.


Claudia Kathleen Pitts (appellant) was indicted for larceny after having twice been convicted of offenses deemed to be larceny. See Code §§ 18.2-96 and 18.2-104. Appellant filed a motion *in limine* to prevent the Commonwealth from prosecuting her under the enhanced punishment provision of Code § 18.2-104 because, at the time of her offense, she had not been twice convicted of a larceny offense. She also argued the enhanced penalty larceny statute was unconstitutionally void for vagueness as applied to her. The trial court denied the motion. Appellant entered a conditional guilty plea, and was sentenced to five years with four years and nine months suspended. On appeal, appellant challenges the trial court's pretrial rulings on her motion *in limine*. Finding no error, we affirm the trial court's decision.

BACKGROUND

The Commonwealth proffered evidence at the hearing on appellant's conditional guilty plea.

On May 8, 2015, appellant and another female entered a Kohl's department store in Chesterfield County. They selected several items of clothing and took them off the hangers. The two women took the clothing to the customer service department. The store's policy was to issue a store credit card in exchange for merchandise that is returned without presentation of a receipt. Appellant and the other female "returned" the clothing, even though they had never paid for it, and received a store credit card for the amount of $148.02. They left the store without paying for anything. Appellant was stopped by a loss prevention officer. She admitted "returning" items at Kohl's without having paid for them.

By indictment on July 20, 2015, appellant was charged with committing larceny after having been previously convicted of two or more larceny offenses. Appellant's trial was on October 27, 2015. The Commonwealth proved that appellant had a larceny conviction from Henrico County in September 2008. Appellant also was convicted of larceny in Chesterfield County on June 18, 2015.[1]

ANALYSIS

I.

Code § 18.2-104 provides:

> When a person is convicted of an offense of larceny or any offense deemed to be or punished as larceny under any provision of the Code, and it is alleged in the warrant, indictment or information on which he is convicted, and admitted, or found by the jury or judge before whom he is tried, that he has been before convicted in the Commonwealth of Virginia or in another jurisdiction for any offense of larceny or any offense deemed or punishable as larceny, or of any substantially similar offense in any other jurisdiction, regardless of whether the prior convictions were misdemeanors, felonies or a combination thereof, he shall be confined in jail not less than thirty days nor more than twelve

---

[1] We note that the second page apparently was omitted from the copy of the June 18, 2015 conviction order that was admitted as Commonwealth's Exhibit 2. However, there was no dispute between the parties that the date of the conviction was June 18, 2015.

months; and for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.

"Code § 18.2-104 is a recidivist statute that enhances the sentence of a person convicted of a third larceny-type offense by converting a petit larceny offense from a misdemeanor to a class 6 felony." Harris v. Commonwealth, 23 Va. App. 311, 313, 477 S.E.2d 3, 4 (1996), aff'd, 24 Va. App. 613, 484 S.E.2d 170 (1997) (*en banc*). "[T]he object of the allegation of prior conviction is to put the accused on notice that record proof of a prior conviction will be introduced, which, if it meets the requirement of the law, that is, proves a prior conviction, will increase the penalty." Charles v. Commonwealth, 63 Va. App. 289, 298-99, 756 S.E.2d 917, 922 (2014) (quoting Keeney v. Commonwealth, 147 Va. 678, 684-85, 137 S.E. 478, 480 (1927)).

Appellant contends that Code § 18.2-104 is a penal statute that should be strictly construed against the Commonwealth to permit enhanced punishment only where the prior larceny offenses were committed before the charged offense. However, "[t]he primary objective of statutory construction is to ascertain and give effect to legislative intent." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). In pursuit of this objective, "[c]ourts are required to apply the plain language of a statute when possible and may not rewrite it." Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007). Moreover, "[i]f a statute is not ambiguous . . . 'the rule of lenity is not applicable to guide statutory interpretation.'" Paduano v. Commonwealth, 64 Va. App. 173, 182, 766 S.E.2d 745, 749 (2014) (quoting De'Armond v. Commonwealth, 51 Va. App. 26, 34, 654 S.E.2d 317, 321 (2007)).

We find no ambiguity in Code § 18.2-104 to support appellant's interpretation of the statute. Code § 18.2-104 provides that upon proof of a prior "conviction," not a prior "offense," a defendant may be subject to the enhanced penalty. "[W]e . . . presume that the legislature chose, with care, the words it used when it enacted the relevant statute." Seabolt v. Cty. of

Albemarle, 283 Va. 717, 720, 724 S.E.2d 715, 717 (2012) (quoting Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d 402, 404 (2011)).

Considering language contained in Code § 46.2-357(B)(3), the recidivist provision applicable to multiple offenses of driving after being declared a habitual offender, the Supreme Court of Virginia stated that "the General Assembly's choice of the word 'offense' in § 46.2-357(B)(3), rather than the word 'conviction,' clearly demonstrates an intent to authorize punishment enhancement without a prior conviction." Thomas v. Commonwealth, 256 Va. 38, 41-42, 501 S.E.2d 391, 393 (1998). See also Jones v. Commonwealth, 21 Va. App. 435, 440, 464 S.E.2d 558, 560 (1995) (*en banc*) (affirming enhanced punishment for drug distribution and finding "[Code § 18.2-248(C)] contains no provision that, in order for the enhanced penalty provision to obtain, the defendant must have been convicted of the first offense before committing the second offense"). The converse is true in the present case. The choice of the word "conviction" rather than "offense" demonstrates the intent to authorize punishment enhancement where the defendant has been convicted of the prior charge.

Appellant was indicted for the present offense under the recidivist statute on July 20, 2015, after her June 18, 2015 Chesterfield County larceny conviction. It was uncontroverted that at the time of her October 27, 2015 conviction of the present offense, she had twice been convicted of larceny. Accordingly, we find the trial court did not err in applying the plain terms of the statute and in finding the enhanced penalty provision in Code § 18.2-104 was applicable.

## II.

Appellant argues the trial court erred in refusing to find that Code § 18.2-104 was unconstitutionally void for vagueness as applied to her. "A criminal statute is unconstitutionally vague only if it fails to define the offense 'with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and

discriminatory enforcement.'" <u>Bell v. Commonwealth</u>, 21 Va. App. 693, 700, 467 S.E.2d 289, 292 (1996) (quoting <u>Perkins v. Commonwealth</u>, 12 Va. App. 7, 16, 402 S.E.2d 229, 234 (1991)). As noted above, the meaning of Code § 18.2-104 is clear on its face, and the statute does not require interpretation of ambiguity. A person of ordinary intelligence would understand that any second or subsequent conviction of a larceny offense would make him or her eligible for the enhanced punishment provision under Code § 18.2-104. We find no indication that the statute is so broad as to render it susceptible to arbitrary enforcement. Accordingly, we find no error in the trial court's ruling that the statute was not unconstitutionally vague.

CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed</u>.