COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Russell and Retired Judge Bumgardner[*]
Argued at Norfolk, Virginia

FRED M. COLEMAN

v.      Record No. 0650-17-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[**] BY
JUDGE MARY GRACE O'BRIEN
AUGUST 7, 2018

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Edward W. Hanson, Jr., Judge

Roger A. Whitus, Assistant Public Defender, for appellant.

Rachel L. Yates, Assistant Attorney General (Mark R. Herring,
Attorney General; Donald E. Jeffrey, III, Assistant Attorney General,
on brief), for appellee.

Following a bench trial, the court convicted Fred M. Coleman ("appellant") of felony

attempted petit larceny in violation of Code § 18.2-104.  Appellant contends that the court erred by

finding him guilty of the felony because a conviction of attempted petit larceny cannot qualify as a

third or subsequent offense under Code § 18.2-104.  We disagree and affirm appellant's conviction.

                                   BACKGROUND

At trial, the Commonwealth presented evidence that appellant was attempting to steal a

bicycle when the victim confronted him and prevented the theft.  Appellant fled, but the victim and

the victim's brother caught and detained him until the police arrived.  Appellant was charged with

petit larceny as a third or subsequent offense, a felony under Code § 18.2-104.  The

---

[*] Judge Bumgardner participated in the hearing and decision of this case in his capacity as a senior judge of this Court prior to July 1, 2018 and thereafter by designation pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth's evidence included a prior conviction order showing that appellant previously pled guilty to various counts of statutory burglary, grand larceny, larceny with intent to sell, and obtaining money by false pretenses.

Although appellant was charged with the completed larceny offense, the court ultimately convicted him of attempted petit larceny, third or subsequent offense. The court concluded that "[the victim] frustrated [appellant] after he had already formed the intent to steal the bicycle. So he's found guilty of the attempted [petit larceny]." The court subsequently denied appellant's motion to set aside the verdict.

ANALYSIS

The sole issue on appeal is whether an attempted petit larceny conviction qualifies as a felony recidivist "third or subsequent offense" under Code § 18.2-104. We review issues regarding statutory construction *de novo*. See Grasty v. Commonwealth, 68 Va. App. 232, 235, 807 S.E.2d 238, 239 (2017).

"Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). At the time of appellant's offense, Code § 18.2-96 defined "petit larceny" as the "[c]ommi[ssion of] simple larceny not from the person of another of goods and chattels of the value of less than $200."

Code § 18.2-104 provides that a third conviction for a larceny offense is a Class 6 felony if the defendant has two or more previous larceny convictions. The statute provides, in relevant part:

> [w]hen a person is convicted of an offense of larceny or any *offense deemed to be or punished as larceny* under any provision of the Code, and it is alleged in the . . . indictment . . . on which he is convicted . . . that he has been before convicted . . . for any offense of larceny or any offense deemed or punishable as larceny . . . regardless of whether the prior convictions were misdemeanors, felonies or a combination thereof, he shall be confined in jail not less

than thirty days nor more than twelve months; and for a third, or any subsequent offense, he shall be guilty of a Class 6 felony.

(emphasis added). "Code § 18.2-104 is a recidivist statute that enhances the sentence of a person convicted of a third larceny-type offense by converting a petit larceny offense from a misdemeanor to a [C]lass 6 felony." Conkling v. Commonwealth, 45 Va. App. 518, 521, 612 S.E.2d 235, 237 (2005) (quoting Harris v. Commonwealth, 23 Va. App. 311, 313, 477 S.E.2d 3, 4 (1996)).

The meaning of "deemed to be or punished as larceny" in the first sentence of Code § 18.2-104 is the subject of this appeal. Appellant argues that this phrase cannot include attempted petit larceny, because a separate statute, Code § 18.2-27, dictates punishment for attempted misdemeanors. Code § 18.2-27 provides:

> Every person who attempts to commit an offense which is a misdemeanor shall be punishable by the same punishment prescribed for the offense the commission of which was the object of the attempt.

Appellant asserts that pursuant to Code § 18.2-27, attempted petit larceny can only be punished as the completed offense of petit larceny, a Class 1 misdemeanor. See Code § 18.2-96.

"When construing a statute, [the Court's] primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." Blake v. Commonwealth, 288 Va. 375, 381, 764 S.E.2d 105, 107 (2014) (quoting Cuccinelli v. Rector & Visitors of the Univ. of Va., 283 Va. 420, 425, 722 S.E.2d 626, 629 (2012)). "To best ascertain that intent, '[w]hen the language of a statute is unambiguous, [the Court is] bound by the plain meaning of that language.'" Id. (quoting Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011)). "[S]tatutes are not to be considered as isolated fragments of law, but as a whole, or as parts of a great connected, homogenous system, or a single and complete statutory arrangement." Id. at 383, 764 S.E.2d at 108 (quoting Prillaman v. Commonwealth, 199 Va. 401, 405, 100 S.E.2d 4, 7 (1957)).

We previously addressed the scope of Code § 18.2-104 in Pitts v. Commonwealth, 58 Va. App. 741, 716 S.E.2d 137 (2011).  In Pitts, the defendant stipulated that the evidence would establish that he was guilty of petit larceny and he conceded that he had prior convictions for grand larceny and attempted petit larceny.  Id. at 742, 716 S.E.2d at 137-38.  However, he argued that the attempted petit larceny conviction did not qualify as a prior "larceny conviction within the contemplation of Code § 18.2-104, because Code § 18.2-27 does not expressly state that [attempted petit larceny] is deemed to be or is punishable as larceny."  Id. at 743, 716 S.E.2d at 138.

Affirming the defendant's conviction, we determined that the phrase "punishable as larceny" as used in Code § 18.2-104 necessarily includes an attempted petit larceny conviction because Code § 18.2-27 imposes the same punishment for attempted and completed petit larcenies.  Id. at 744, 716 S.E.2d at 138.  Accordingly, we held that attempted petit larceny may be a predicate prior conviction under the felony recidivist statute, elevating "a current petit larceny offense to a felony."  Id.

A similar rationale applies here in determining that an attempted petit larceny can serve as the third or subsequent offense subject to the statutory penalty enhancement.  Under Code § 18.2-104, third or subsequent offenses include those "*punished* as larceny."  Just as the phrase "*punishable* as larceny" encompasses attempted petit larceny, the phrase "*punished* as larceny" also encompasses attempted petit larceny.  This interpretation of both phrases flows from the language of Code § 18.2-27 imposing the same punishment for attempted and completed petit larceny.  In the context of whether attempted petit larceny is "punished" or "punishable" as larceny, we find no material difference between the two statutory phrases.

Additionally, "when one statute speaks to a subject generally and another deals with an element of that subject specifically, the statutes will be harmonized, if possible, and if they conflict, the more specific statute prevails."  Commonwealth v. Brown, 259 Va. 697, 706, 529 S.E.2d 96,

- 4 -

101 (2000). "[A] specific statute cannot be controlled or nullified by a statute of general application unless the legislature clearly intended such a result." Id. Code § 18.2-27 is a general statute addressing punishment for attempts to commit misdemeanors. It provides that an attempted misdemeanor is punished as the completed offense. However, Code § 18.2-104 provides a specific mechanism for punishing larceny offenses. Under the rules of statutory construction, this specific statute "cannot be controlled or nullified" by the attempted misdemeanor statute of more general application. Id. Therefore, Code § 18.2-104 controls over the more general Code § 18.2-27, because the legislature did not "clearly intend" otherwise.

Finally, no reasoned distinction can be drawn between using an attempted petit larceny conviction as a predicate offense, as in Pitts, and allowing it to serve as the third or subsequent offense subject to punishment enhancement. Construing Code § 18.2-104 to allow an attempted larceny conviction to serve as a predicate offense, but not as an offense subject to enhanced sentencing, would undermine the legislative intent of this "recidivist statute" to curb repeat larceny offenses. Conkling, 45 Va. App. at 521, 612 S.E.2d at 237. See also Harris v. Commonwealth, 23 Va. App. 311, 313-14, 477 S.E.2d 3, 4-5 (1996), aff'd en banc, 24 Va. App. 613, 484 S.E.2d 170 (1997) (noting that the General Assembly amended Code § 18.2-104 in 1994 to "expand[] the predicate crimes to include all larceny and fraud offenses and substantially similar offenses whether committed in or outside the Commonwealth" (quoting House 557, 1994 Reg. Sess. (on file with Commonwealth of Virginia, Division of Legislative Services) (Draft of Jan. 21, 1994))).

CONCLUSION

Because appellant's conviction for attempted petit larceny as a third or subsequent offense qualifies as an offense "punished as larceny" subject to penalty enhancement under Code

§ 18.2-104, we do not find that the court erred in finding him guilty of the felony.  Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>