Tuesday          27th

        November, 2001.


Carol Bowyer Johnson,                                    Appellant,

  against        Record No. 1354-00-3
                 Circuit Court No. CR00011925-03

Commonwealth of Virginia,                                Appellee.


                    Upon a Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Elder, Bray, Annunziata,
          Bumgardner, Frank, Humphreys, Clements and Agee


            Craig P. Tiller (Davidson, Sakolosky, Moseley, &
            Tiller, on brief), for appellant.

            Amy L. Marshall, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief), for
            appellee.


        By published opinion dated March 20, 2001, a panel of this

Court affirmed the judgment of the trial court.  See Johnson v.

Commonwealth, 35 Va. App. 134, 543 S.E.2d 605 (2001).  We stayed the

mandate of that decision and granted a rehearing en banc.

        Upon rehearing en banc, it is ordered that the stay of the

March 20, 2001 mandate is lifted, and the judgment of the trial court

is affirmed unanimously for the reasons set forth in the panel

opinion.

        It is ordered that the trial court allow counsel for the

appellant an additional fee of $200 for services rendered the

appellant on the rehearing portion of this appeal, in addition to

counsel's costs and necessary direct out-of-pocket expenses.  This

amount shall be added to the costs due the Commonwealth in the

March 20, 2001 mandate.

This order shall be published and certified to the trial

court.

A Copy,

Teste:

Cynthia McCoy, Clerk

By:

Deputy Clerk

                                          Wednesday      6th

          September, 2000.


Carol Bowyer Johnson,                                      Appellant,

  against      Record No. 1354-00-3
              Circuit Court No. CR00011925-03

Commonwealth of Virginia,                                  Appellee.


              From the Circuit Court of the City of Lynchburg

                        Before Judge Coleman


        A judge of this Court having determined that this petition

should be granted, an appeal is hereby awarded to the petitioner from

a judgment of the Circuit Court of the City of Lynchburg dated May 8,

2000.

        No bond is required.  The clerk is directed to certify this

action to the trial court and to all counsel of record.

        Pursuant to Rule 5A:25, an appendix is required in this

appeal and shall be filed by the appellant at the time of the filing

of the opening brief.


                        A Copy,

                            Teste:

                                    Cynthia L. McCoy, Clerk

                            By:

                            Deputy Clerk

CERTIFICATE OF CLERK


I, Cynthia L. McCoy, Clerk of the Court of Appeals of Virginia, do hereby certify that on September 6, 2000 an appeal was awarded as described in the order to which this certificate is appended. A copy of this certificate and a copy of the order to which it is appended were this day mailed to the trial court indicated in the order and to all counsel of record.

Given under my hand this 6th day of September, 2000.


Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Present:  Judges Bumgardner, Humphreys and Agee
Argued at Salem, Virginia


CAROL BOWYER JOHNSON
                                          OPINION BY
v.    Record No. 1354-00-3       JUDGE ROBERT J. HUMPHREYS
                                        MARCH 20, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                 Mosby G. Perrow, III, Judge

        Craig P. Tiller (Davidson, Sakolosky,
        Moseley & Tiller, P.C., on brief), for
        appellant.

        Amy L. Marshall, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Carol Bowyer Johnson appeals her conviction, after a bench

trial, of misdemeanor concealment of merchandise, in violation of

Code § 18.2-103.  Johnson argues the evidence was insufficient to

support the conviction.

## I.  Background

     Between the months of August and November, 1999, security

personnel of a Lynchburg Wal-Mart store observed Johnson in the

store on several occasions, behaving suspiciously.  On August

16, 17, 22, and 31, October 12 and 22, and November 15 and 22,

respectively, security personnel observed Johnson, by video

surveillance, enter the cigarette aisle of the store, pick up

several cartons of cigarettes, place them in her shopping cart

-

and cover them with items of clothing and other items she already had in her cart.[1]

On August 31, after viewing Johnson's behavior on video, security officer Andrew Hill went to the main floor and followed Johnson after she left the cigarette aisle.  Johnson had a male companion with her at the time.  Hill followed the two to the toy department, where he observed Johnson "taking the cartons of cigarettes and . . . stacking them behind a rack of toy boxes," and "fixing the boxes where the cigarettes could not be seen."  He then observed Johnson push her cart to the lawn and garden department, leave the cart with the other merchandise still in it, and exit the store with her companion.

On an unspecified date in October, Hill again observed Johnson's behavior on video and followed her to the back of the store to the "same aisle."  He again observed her taking the cigarettes out of the cart and putting them behind "all the boxes of toys and concealing them."  Johnson then pushed her cart to the pet department, left her cart by the last aisle, and exited the store through the lawn and garden department.

On another occasion in October, Johnson approached Angela Culpepper, a clerk in the lawn and garden department, and "asked her questions."  Culpepper asked Johnson to wait a moment.  When

---

[1] Each of the surveillance videos recording Johnson's activities in the cigarette aisle of the store was admitted as evidence at trial.

Culpepper returned her attention to Johnson, she had abandoned another shopping cart full of merchandise and left the store. "Around October 22, 1999," Culpepper had another occasion to observe Johnson. On this occasion, Johnson asked Culpepper some questions "about plants." When Culpepper "turned [her] back," Johnson again abandoned her cart of merchandise and left the store. Culpepper testified that she observed "a big bulk" under Johnson's sweatshirt when Johnson first approached her.[2]

On November 15, 1999, Hill again observed Johnson on video. This time he saw her take a stack of cigarette cartons, placing some under her arm and holding some in her hands, and walk out of view of the camera. Hill followed Johnson to the "same aisle of toys." He testified that Johnson seemed "spooked" and came out of the aisle and walked around the store, with the cigarettes now in her shopping cart, covered by clothing items. Johnson went to the front of the store and walked out of the store, leaving her cart full of clothing and cartons of cigarettes by the main doors.

Finally, on November 22, 1999, security officer Jerry Thomas observed Johnson engaging in the same behavior on video and followed her out of the cigarette area to the "same aisle" in the toy department. He observed Johnson open a carton of the cigarettes and walk to another aisle. At that point, a woman,

_____

[2] Lillie Bowyer, Johnson's mother, testified that Johnson was pregnant during that time.

-

who Thomas testified he thought was Johnson's mother, walked up and looked at Thomas, then at Johnson. The two women proceeded to the grocery department, left the shopping cart in the grocery main aisle, and left the store. Thomas found the cigarettes and other items in the cart and followed Johnson and her companion out of the store. "About halfway down the parking lot [Johnson] asked [Thomas] if [he] had a fucking problem." She continued toward a car and got in with the other woman. Johnson "flipped [Thomas] the finger through the window of the car and yelled 'you fat, mother fucker.'" Thomas took down Johnson's license plate number and contacted the police.

On March 6, 2000, Johnson was indicted on eight (8) counts of concealment, third or subsequent offense, in violation of Code §§ 18.2-103 and 18.2-104. After the presentation of evidence at the May 8, 2000 trial, the trial court dismissed seven of the eight charges and convicted Johnson of only one count of misdemeanor concealment for her actions on August 31, 1999. The trial judge stated the following:

> Miss Johnson, I am going to find as fact and
> law that the Commonwealth has proven beyond
> a reasonable doubt that on August 31st,
> 1999, you concealed merchandise within the
> meaning of the statute . . ., in other
> words, with intent to defraud Wal-Mart.
>  *       *       *       *       *       *       *
>
> There's just no explanation for you
> concealing, first, in your cart and then
> behind the toys.

-

On appeal, Johnson contends the evidence was insufficient to establish that she concealed the cigarettes within the meaning of the statute.  As a result, she argues there was no evidence from which the court could infer her intent to defraud Wal-Mart of the value of the goods.[3]

## II.  Analysis

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong." Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961).  "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

To convict an accused for unlawful concealment in violation of Code § 18.2-103, "[t]he Commonwealth must prove (1) a willful concealment of merchandise, done (2) with the intent to convert

---

[3] Johnson also assigns error to the trial court's failure to grant her motions to strike and bases her contention on the same sufficiency argument.  Accordingly, we treat all of Johnson's assignments of error as a single sufficiency issue.

the merchandise or to defraud the storekeeper."  Snead v.

Commonwealth, 11 Va. App. 643, 646, 400 S.E.2d 806, 807 (1991).[4]

The willful concealment of goods while still on the premises is

prima facie evidence of intent to defraud the owner of the value

of the goods or merchandise at issue.  Code § 18.2-103.

Johnson argues that because no evidence proved that she

concealed the items on her person, her actions did not fall

within the purview of the statute.  Although it appears that no

reported appellate decision has applied the concealment statute

to a case where an item was concealed somewhere other than on

the defendant's person, we disagree with Johnson's contention.

---

[4] Code § 18.2-103 provides the following in pertinent part:

> Concealing or taking possession of
> merchandise; altering price tags;
> transferring goods from one container to
> another; counseling, etc., another in
> performance of such acts--Whoever, without
> authority, with the intention of converting
> goods or merchandise to his own or another's
> use without having paid the full purchase
> price thereof, or of defrauding the owner of
> the value of the goods or merchandise, (i)
> willfully conceals or takes possession of
> the goods or merchandise of any store or
> other mercantile establishment . . . when
> the value of the goods or merchandise
> involved in the offense is less than $200,
> shall be guilty of petit larceny . . . .
> The willful concealment of goods or
> merchandise of any store . . . while still
> on the premises thereof, shall be prima
> facie evidence of an intent to convert and
> defraud the owner thereof out of the value
> of the goods or merchandise.

-

The plain language of the statute does not require proof of concealment on the person. In construing a statute, "[w]here the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed." Dominion Trust Co. v. Kenbridge Constr., 248 Va. 393, 396, 448 S.E.2d 659, 660 (1994) (citations omitted). The plain meaning of the term "conceal" is "to place out of sight; withdraw from being observed: shield from vision or notice". Webster's Third New International Dictionary 469 (1993). The definition is not limited to concealment on the person, and the plain language of the statute does not place such a limitation on the term. Moreover, the title to the statute contemplates concealment or taking possession of merchandise by "transferring goods from one container to another." Thus, we decline Johnson's invitation to change the plain meaning of Code § 18.2-103 by adding the phrase "on his/her person" as a modifier to the term "conceals."

The statute does not, however, prohibit simply the concealment of merchandise. Instead, it prohibits a willful concealment. "The word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely. The word is also

-

employed to characterize a thing done without ground for believing it is lawful."  Snead, 11 Va. App. at 646-47, 400 S.E.2d at 807 (citation omitted).

Here, the August 31, 1999 store surveillance video shows Johnson taking several cartons of cigarettes from the shelf, placing them in her shopping cart, then intentionally covering them from view with items of clothing she had in her cart. Security officer Hill testified that after viewing this video, he followed Johnson to the toy aisle and witnessed her "putting [the] cartons of cigarettes behind the boxes of toys . . . and fixing the boxes where the cigarettes could not be seen." Johnson's actions in this regard amounted to willfully placing the goods "out of sight" and concealing the goods in the manner contemplated by the statute.  This conduct alone is prima facie evidence of Johnson's intent to willfully defraud Wal-Mart of the value of the goods.  The trial court found that this prima facie case was not rebutted by Johnson.

Considering the above, in conjunction with the totality of Johnson's conduct, we hold that the trial court could reasonably find, beyond a reasonable doubt, that Johnson willfully concealed the goods with the intent to defraud Wal-Mart of their value.  Accordingly, the holding of the trial court is affirmed.

Affirmed.

-