COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and Chafin
Argued at Lexington, Virginia

UNPUBLISHED

MICHAEL BLAKE VAUGHAN

v.     Record No. 0393-16-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE TERESA M. CHAFIN
MARCH 14, 2017

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Aaron M. Burgin, Assistant Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Following a bench trial, Michael Blake Vaughan ("appellant") was convicted of felony

shoplifting in violation of Code § 18.2-103. On appeal, appellant challenges the sufficiency of the

evidence supporting his conviction. Specifically, appellant contends that the evidence failed to

"establish that [appellant] fully concealed the merchandise in question." Appellant contends that he

"merely attempted to unlawfully take possession of the [merchandise]." For the reasons that follow,

we affirm appellant's conviction.

Background

On appellate review, we consider the evidence presented at trial in the light most

favorable to the Commonwealth, the prevailing party below, and "accord [it] the benefit of all

inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601

S.E.2d 555, 558 (2004). On October 31, 2015, Derrick Forney, a loss prevention officer at

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Target, witnessed appellant remove the "spider wire" security device from a thirty-two-inch television. Appellant then returned the television to its shelf and continued shopping.

After purchasing candy and a large gray storage tub, appellant returned to the television. Appellant unsuccessfully attempted to fit the television inside the storage tub. When it did not fit, appellant placed the television in the shopping cart and positioned the storage tub on top of the television, leaving the bottom of the television box visible through the perforations in the cart. The Commonwealth introduced a video showing appellant performing this act and demonstrating that the tub did not fully conceal the television.

Appellant went toward the cash registers and walked past all points of sale with the television in his cart. As Forney approached appellant, he could not see the television. Only a small portion of the white television box was visible under the tub. When Forney asked about the television, appellant said that he intended to purchase it. Forney then asked appellant to accompany him to the loss prevention office. Appellant ran out of the store, leaving the merchandise behind.[1]

At the conclusion of the Commonwealth's case, appellant made a motion to strike based on the lack of concealment of the television. Appellant argued that the merchandise at issue must be fully concealed in order to support a shoplifting conviction pursuant to Code § 18.2-103. Appellant further argued that attempted grand larceny had been proven but not concealment or felony shoplifting. The Commonwealth responded that there was no requirement that an item be fully concealed. The trial court denied appellant's motion.

Appellant did not put on any evidence and renewed his motion to strike. The trial court again denied the motion, and explained that:

---

[1] After appellant fled the store, Forney created a "training receipt" for the television that reflected a sales price of $239.99. The receipt was admitted into evidence at trial. The value of the television is not at issue on appeal.

[T]here's no question [appellant] concealed merchandise. . . . [A]nd concealment just provides a *prima facie* [case for intent] . . . it's not the end of the case. The [c]ourt still has to look at all the other facts and circumstances, and here, [appellant] also passed all points of sale. . . . [T]he actions and the movements that can be seen on the video . . . [are] pretty strong evidence of what [appellant's] intent was and then lastly, we have flight. We have [appellant] running from the store. Now, flight . . . together with all the other evidence, shows exactly what [appellant's] intent was . . . to steal a television . . . he [had] larcenous intent, and that's what the [c]ourt finds.

This appeal followed.

Analysis

On appeal, appellant first argues that Code § 18.2-103 requires "full concealment" of the merchandise. Second, appellant contends that the evidence failed to prove that the television was "fully concealed" from view or that he took possession of the television adverse to the owner. For the reasons that follow, we affirm appellant's conviction.

*A. Intent Element of Code § 18.2-103*

Appellant contends that the evidence in this case was insufficient to convict him of felony shoplifting pursuant to Code § 18.2-103 because he did not "fully conceal" the television from view. Appellant further argues that the trial court erred when it found him guilty of felony shoplifting rather than attempted grand larceny pursuant to Code § 18.2-26.

"When construing a statute, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." Cuccinelli v. Rector & Visitors of the Univ. of Va., 283 Va. 420, 425, 722 S.E.2d 626, 629 (2012) (quoting Commonwealth v. Amerson, 281 Va. 414, 418, 706 S.E.2d 879, 882 (2011)). "To best ascertain that intent, '[w]hen the language of a statute is unambiguous, we are bound by the plain meaning of that language.'" Blake v. Commonwealth, 288 Va. 375, 381, 764 S.E.2d 105, 107 (2014) (quoting Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011)).

"Although any ambiguity or reasonable doubt as to the proper construction of a penal statute must be resolved in favor of the accused, a defendant is not entitled to benefit from an 'unreasonably restrictive interpretation of the statute.'" Hulcher v. Commonwealth, 39 Va. App. 601, 606, 575 S.E.2d 579, 581 (2003) (citations omitted). "Questions of statutory interpretation are reviewed de novo." Sarafin v. Commonwealth, 288 Va. 320, 325, 764 S.E.2d 71, 74 (2014) (citing Belew v. Commonwealth, 284 Va. 173, 177, 726 S.E.2d 257, 259 (2012)).

"Code § 18.2-103 is a larceny statute and provides that the behavior prescribed therein constitutes grand larceny or petit larceny depending on the value of the item or items involved in the offense." Hulcher, 39 Va. App. at 609, 575 S.E.2d at 582. Code § 18.2-103 provides in pertinent part:

> Whoever, without authority, with the intention of converting goods or merchandise to his own or another's use without having paid the full purchase price thereof, or of defrauding the owner of the value of the goods or merchandise, (i) willfully conceals or takes possession of the goods or merchandise of any store or other mercantile establishment . . . when the value of the goods or merchandise involved in the offense is $200 or more, shall be guilty of grand larceny.

In Code § 18.2-103, the legislature provides a vehicle by which larcenous intent may be easily proven "in cases involving the theft of articles from merchants, who necessarily allow the general public largely unrestricted access to both the merchandise they offer for sale and to other goods also on their premises." Hulcher, 39 Va. App. at 609, 575 S.E.2d at 582. The statute goes on to state that "[t]he willful concealment of goods or merchandise of any store . . . while still on the premises thereof, shall be *prima facie* evidence of an intent to convert and defraud the owner thereof out of the value of the goods or merchandise." Code § 18.2-103.

Alternatively, the same criminal intent may be established outside of the statutory framework provided by Code § 18.2-103. Generally, larcenous intent "may, and often must, be inferred from that person's conduct and statements." McEachern v. Commonwealth, 52

- 4 -

Va. App. 679, 684, 667 S.E.2d 343, 345 (2008) (citation omitted). "To be sure, 'there is not one case in a hundred where the felonious intent in the original taking can be proved by direct evidence. From the nature of the case, intent, generally, must be inferred *from circumstances.*'" Id. (emphasis added) (quoting Skeeter v. Commonwealth, 217 Va. 722, 726, 232 S.E.2d 756, 759 (1977)).

Notably, Code § 18.2-103 does not prohibit simply the concealment of merchandise. Instead, it prohibits a *willful* concealment." Johnson v. Commonwealth, 35 Va. App. 134, 140, 543 S.E.2d 605, 608 (2001) (emphasis added).

> "The word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely. The word is also employed to characterize a thing done without ground for believing it is lawful." Snead [v. Commonwealth], 11 Va. App. [643,] 646-47, 400 S.E.2d [806,] 807 [(1991)] (citation omitted).

Id. "In a criminal statute, 'willfully' ordinarily means designedly, intentionally or perversely. '[T]he correct application [of willfully] in a particular case will generally depend upon the character of the act involved and the attending circumstances.'" Snead, 11 Va. App. at 647, 400 S.E.2d at 807 (quoting Lambert v. Commonwealth, 6 Va. App. 360, 363, 367 S.E.2d 745, 746 (1988)); see Ronald J. Bacigal, Criminal Offenses and Defenses 438 (2016); see also Johnson, 35 Va. App. at 140, 543 S.E.2d at 608.

By requiring "willful concealment," Code § 18.2-103 requires the concealment at issue to be intentional. The plain language of Code § 18.2-103, however, does not require *full* concealment as appellant suggests. Concealment is defined as "[t]he act of removing from sight or notice; hiding." Concealment, Black's Law Dictionary (10th ed. 2014); see also Commonwealth v. Balboni, 532 N.E.2d 706, 707 (Mass. App. Ct. 1989) ("The word [conceal] implies the covering of an object to keep it from sight or the withdrawal of the object from

- 5 -

observation to prevent its discovery." (citing Black's Law Dictionary 261 (5th ed. 1979)).  The

definition is not limited to full and total concealment, and the plain language of the statute does

not place such a limitation on the term.  Johnson, 35 Va. App. at 140, 543 S.E.2d at 608.

While the willful total concealment of merchandise is *prima facie* evidence of an "intent

to convert and defraud" the owner of the value of the merchandise, under certain circumstances,

partial concealment can permit a similar inference as it can also obscure from notice the

merchandise in question.  The partial concealment that occurred in the present case in

conjunction with the totality of appellant's conduct supports such an inference.[2]

### B.  Sufficiency of the Evidence

Appellant contends that the evidence was insufficient to support his felony shoplifting

conviction.  When considering the sufficiency of the evidence on appeal, "a reviewing court does

not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a

reasonable doubt.'"  Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387

(2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  "Viewing the evidence in

the light most favorable to the Commonwealth, as we must since it was the prevailing party in

the trial court," Riner, 268 Va. at 330, 601 S.E.2d at 574, "[w]e must instead ask whether '*any*

rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41

Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).

---

[2] We note that as an alternative to proving "willful concealment," Code § 18.2-103
provides that the Commonwealth may instead prove that the offender took possession of a store
owner's merchandise with the intention of permanently depriving the owner of his property.  The
Commonwealth nor the trial court addressed that basis for conviction at trial.  Therefore, we do
not consider it on appeal.  See Whitehead v. Commonwealth, 278 Va. 105, 114-15, 677 S.E.2d
265, 270 (2009) (right result for the wrong reason doctrine does not apply where trial court does
not make factual findings as to an alternative basis for conviction).

To convict an accused for shoplifting in violation of Code § 18.2-103, "[t]he Commonwealth must prove (1) a willful concealment of merchandise, done (2) with the intent to convert the merchandise or to defraud the storekeeper." Snead, 11 Va. App. at 646, 400 S.E.2d at 807; see Code § 18.2-103.

Here, the store surveillance video showed appellant removing the security device from a thirty-two-inch television then returning the television to the shelf. Appellant then purchased a large storage tub and returned to the television. He placed the television in the shopping cart and intentionally positioned the storage tub on top of the television in an effort to conceal it from view. Only a small portion of the white television box was visible under the tub. Appellant then proceeded past all points of sale. When approached by the loss prevention officer, appellant first responded that he intended to purchase the television. However, when the officer asked appellant to accompany him to the loss prevention office, appellant ran out of the store, leaving the television and other merchandise behind.

"[Appellant's] actions in this regard amounted to willfully placing the [television] 'out of sight' and concealing the [television] in the manner contemplated by the statute." Johnson, 35 Va. App. at 141, 543 S.E.2d at 608. The surrounding circumstances further established his intent to defraud Target of the value of the television. See Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996) ("Flight following the commission of a crime is evidence of guilt . . . ."). Considering the totality of appellant's actions, we conclude that the trial court could reasonably find, beyond a reasonable doubt, that appellant willfully concealed the television with the intent to defraud Target of its value.

## Conclusion

For the reasons stated, we conclude that the trial court did not err in finding the evidence sufficient to support appellant's conviction pursuant to Code § 18.2-103.  Accordingly, we affirm the trial court's decision.

<u>Affirmed</u>.