COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys,[*] Friedman and White
Argued at Christiansburg, Virginia

**PUBLISHED**

RHODA FAYE WELCH

v.        Record No. 1985-22-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE FRANK K. FRIEDMAN
FEBRUARY 6, 2024

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Paul A. Dryer, Judge

Kelsey Bulger, Senior Appellate Attorney (Jennifer T. Stanton,
Senior Appellate Attorney; Indigent Defense Commission, on briefs),
for appellant.

John W. Beamer, Assistant Attorney General (Jason S. Miyares,
Attorney General; Andrew T. Hull, Assistant Attorney General, on
brief), for appellee.

This is a case that examines the boundaries of criminal intent where Rhoda Faye Welch

challenged her petit larceny charge with the defense that she genuinely believed the computer tablet

she spotted in a convenience store was "lost" or "abandoned" property. Consistent with this "claim-

of-right" theory, Welch asserts that, when she left the store with the tablet, she lacked the requisite

intent for a conviction. After a bench trial, Welch was convicted of petit larceny in violation of

Code § 18.2-96. The trial court sentenced her to 90 days in jail (all suspended), with 12 months'

supervised probation and 30 hours of community service. The trial court further ordered Welch

to complete a shop-lifting prevention awareness program and to refrain from trespassing at the

_____

[*] Judge Humphreys participated in the hearing and decision of this case prior to the
effective date of his retirement on December 31, 2023.

Sheetz store in Fishersville, Virginia.  She appeals, challenging the sufficiency of the evidence.
We affirm.

BACKGROUND[1]

In March of 2022, Welch visited the Sheetz convenience store in Fishersville where she saw
a Samsung tablet unattended near the soda fountain.  Welch picked the tablet up, set it down again,
then "walked around it a little bit" before picking it up again.  She then drew some napkins from a
dispenser, "placed [them] on top of the tablet," proceeded to the register where she paid for her
purchases, and departed with the tablet.  Welch neither informed any Sheetz employee about the
unattended tablet, nor received permission to take it.  The tablet Welch took, which was worth about
$500, was the property of the Sheetz company and was used by its employees in the course of their
duties.

None of the store employees realized the tablet was missing until later in the day.  Joshua
Louk, a Sheetz employee, used the store's surveillance video to investigate the tablet's
disappearance.  This enabled him to identify Welch and track her to her vehicle in the parking lot.
Louk then reported the theft to the Augusta County Sheriff's Office.  Sergeant Patrick Fuchs
responded to the complaint and reviewed the surveillance video from the store, from which he was
able to obtain Welch's license plate number.  He contacted Welch and she later surrendered the
tablet to him, which eventually was returned to Sheetz.

Although represented by counsel on this appeal, Welch represented herself in the trial court.
She testified at trial that she was unaware that Sheetz owned the tablet.  She explained that she was

---

[1] "When presented with a sufficiency challenge in criminal cases, [the appellate court]
review[s] the evidence in the 'light most favorable' to the Commonwealth, the prevailing party
in the trial court." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Commonwealth v.
Hudson*, 265 Va. 505, 514 (2003)).  "Viewing the record through this evidentiary prism requires
us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard
as true all the credible evidence favorable to the Commonwealth and all fair inferences to be
drawn therefrom.'" *Id.* (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

"just thinking finders keepers" when she spotted it.  Welch testified that she felt justified in taking the unattended tablet because she believed that if she turned it in to the store's lost and found, one of the store's employees would have simply appropriated it for themselves.  Sergeant Fuchs testified that Welch told him that her son needed a tablet.

After hearing the evidence, the trial court convicted Welch of petit larceny, ruling that she lacked an honest, good faith belief that the tablet was lost or abandoned.  This appeal followed.

ANALYSIS

I.  Standard of Review

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'"  *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).  "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)).  "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).  "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'"  *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify."  *Dalton v. Commonwealth*, 64 Va. App. 512, 526 (2015) (first alteration in original) (quoting *Lea v.*

*Commonwealth*, 16 Va. App. 300, 304 (1993)). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)).

II. The Record Supports the Trial Court's Finding that Welch Committed Petit Larceny

"Larceny, a common law crime, is defined as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" *Brown v. Commonwealth*, 297 Va. 295, 301 (2019) (quoting *Bryant v. Commonwealth*, 248 Va. 179, 183 (1994)); *see also Dunlavey v. Commonwealth*, 184 Va. 521, 524 (1945). "Intent is the purpose formed in a person's mind at the time an act is committed." *Johnson v. Commonwealth*, 53 Va. App. 79, 100 (2008) (quoting *Commonwealth v. Taylor*, 256 Va. 514, 519 (1998)). Whether the defendant has the required intent is a question for the trier of fact. *Id.* at 100-01. A defendant's intent may be proved by circumstantial evidence, including the defendant's statements and conduct. *See, e.g.*, *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011) ("The statements and conduct of an accused after the events that constitute the charged crime may also be relevant circumstantial evidence of intent." (citing *Canipe v. Commonwealth*, 25 Va. App. 629, 645 (1997))).

A defendant charged with larceny may assert an "honest belief" that the property she is charged with stealing was abandoned, so long as the evidence establishes a reasonable basis for her to have such a belief; this is, in other words, a claim-of-right defense. *See Barnes v. Commonwealth*, 190 Va. 732, 740 (1950). The mistaken belief must be "'sincere,' and not a 'dishonest pretense[.]'" *Groves v. Commonwealth*, 50 Va. App. 57, 63 (2007) (first quoting *O'Banion v. Commonwealth*, 33 Va. App. 47, 56 (2000), *overruled on other grounds by Harris v. Commonwealth*, 274 Va. 409 (2007); and then quoting 2 Joel Prentiss Bishop, *Bishop on Criminal*

- 4 -

*Law* § 851, at 648-49 (9th ed. 1923)). "Whether asserted in good faith or as a 'mere pretext,' a claim-of-right defense relies heavily on factfinding." *Id.* (quoting *Pierce v. Commonwealth*, 205 Va. 528, 533 (1964)). When proven, the claim-of-right defense negates the defendant's intent to steal. *Id.*

Welch concedes that she took the tablet and intended to retain it permanently. She testified and argued at trial that doing so was not wrongful because it "was not an intentional theft" and she "didn't know [she] was stealing anything." "The claim-of-right defense requires a predicate showing of 'good faith,' a *bona fide* belief by the taking party that she has some legal right to the property taken." *Groves*, 50 Va. App. at 63 (quoting *Butts v. Commonwealth*, 145 Va. 800, 812 (1926)) (citation omitted). On appeal, Welch again argues the Commonwealth failed to establish intent—claiming she merely retrieved abandoned property.

### A. Welch's Actions Tend to Show that She Did Not Have a Good Faith Belief the Tablet was Abandoned

Welch concedes on appeal that a defense of abandonment requires an "honest," "*bona fide* and not imaginary belief" that she was "taking abandoned property" when she departed Sheetz with the tablet. *Barnes*, 190 Va. at 740; *Groves*, 50 Va. App. at 63. The facts in this case, however, do not support Welch's argument that she had a good faith belief that the tablet was abandoned. When Welch left the Sheetz with the tablet in hand, she concealed the device underneath a layer of napkins. Welch's concealment of the tablet was a fact from which the trial court could infer Welch's intent to steal the tablet—as well as her lack of a reasonable basis to believe the device was abandoned. In fact, "[t]he willful concealment of goods while still on the premises is *prima facie* evidence of intent to defraud the owner of the value of the goods or merchandise at issue." *Johnson v. Commonwealth*, 35 Va. App. 134, 139 (2001). Welch put so many napkins over the tablet that no one "on-duty was aware that [she] had the tablet" and the cashier "did not see [her] with the tablet

- 5 -

or even know that [she] had it." The trial court found that the act of concealing the tablet tended to show that Welch lacked an "honest belief that the tablet was, in fact, abandoned."

The trial court further noted that Welch herself testified that if she had left her purse behind at the Sheetz store, she would want someone to turn it in. The fact finder highlighted this acknowledgment—and Welch's shrouding the tablet under a layer of napkins—in rejecting Welch's testimony that she thought simply walking off with the tablet was appropriate. At bottom, Welch failed to make even the most elementary inquiry that could have yielded the identity of the tablet's true owner. After finding her testimony unworthy of belief, the trial judge also "could draw the reasonable inference that [Welch] testified falsely 'in an effort to conceal h[er] guilt.'" *Morris v. Commonwealth*, 269 Va. 127, 133 (2005) (quoting *Covil v. Commonwealth*, 268 Va. 692, 696 (2004)). The trial court made specific findings that: (1) Welch failed to establish an honest, good

faith belief that the property was lost or abandoned and (2) that she lacked any reasonable basis that would support such a belief.[2]  These findings are borne out by the record.[3]

### B. Even Goods Actually Lost Can be the Subject of Larceny Where the Owner is Easily Identified

Even if Welch had made a colorable showing that she believed the tablet was lost or mislaid, "at common law, one does not relinquish ownership in goods by losing or misplacing them: "'Finders keepers, losers weepers" is a time-worn old saying, but not true.'" *State v. Kealey*, 907 P.2d 319, 325 (Wash. Ct. App. 1995) (quoting Roy Andrews Brown, *Law of Personal Property*

---

[2] This was a bench trial.  Alternatively, in a jury trial "for a trial court to grant an instruction on whether the property taken was abandoned property, the evidence must establish that a reasonable basis exists for the accused to have a good faith belief that the property was abandoned." *Habahbih v. Commonwealth*, No. 1289-12-4, slip op. at 4, 2013 Va. App. LEXIS 213, at *6 (July 23, 2013) (citing *Barnes*, 190 Va. at 740); *see also Hinnant v. Commonwealth*, No. 0909-95-4, slip op. at 7, 1996 Va. App. LEXIS 339, at *9 (May 7, 1996) (concluding that where defendant did not produce evidence "to prove that she had a reason to believe, in good faith, that the [property] had been abandoned, the trial court did not err by refusing" to give an instruction on abandoned property); *Northcraft v. Commonwealth*, 78 Va. App. 563, 607 (2023) (concluding that "[t]he trial court did not err in refusing to instruct the jury on a good faith claim-of-right defense when there was no reasonable basis for appellant to believe" the property was possessed by him).  In *Habahbih*, the court was reviewing Criminal Model Instruction No. 52.200, Claim of Right; the appellant argued that he was entitled to a "claim-of-right" or "honest belief" instruction no matter how implausible the basis was for his claimed belief that the property was abandoned.  *Habahbih*, slip op. at 4, 2013 Va. App. LEXIS 213, at *6.  This Court disagreed and ruled that defendant was not entitled to the jury instruction because there was no reasonable basis supporting his asserted belief that the bicycle he took was abandoned.  *Id.* at 5, 2013 Va. App. LEXIS 213, at *6-7.  "While Rule 5A:1(f) provides that unpublished opinions may be cited as informative, 'unpublished opinions are merely persuasive authority and not binding precedent.'" *Coffman v. Commonwealth*, 67 Va. App. 163, 172 n.7 (2017) (quoting *Baker v. Commonwealth*, 59 Va. App. 146, 153 n.3 (2011)).

[3] The trial court indicated that Welch's claim would fail under either an objective or subjective standard.  The court stated that Welch lacked "a subjectively honest belief that the tablet was, in fact, abandoned."  Similarly, the trial court observed: "I don't think it is an objectively reasonable belief that [if] you are walking around a retail establishment that if you find an electronic device lying next to the soda fountain that it is simply there for your taking."  Again, the critical finding under our case law is whether the "taking party" had a "good faith" belief that she had some legal right to take the property. *Groves*, 50 Va. App. at 63.  However, the "reasonable basis" language has been applied in determining whether there is sufficient evidence to allow an instruction on abandonment to go to the jury.  Here, the trial court's findings plainly rejected Welch's claim-of-right defense in all respects.

§ 3.1 at 24 (3d ed. 1975)).  "Mislaid property is presumed to have been left in the custody of the owner or occupier of the premises upon which it is found" and the true owner retains "constructive[] . . . possession although the property may be in custody of another on whose premises it has been left." *Id.* (quoting *State v. Courtsol*, 94 A. 973, 975 (Conn. 1915)).  Indeed, Virginia has long recognized that "under particular circumstances, goods actually lost might be the subject of larceny." *Tanner v. Commonwealth*, 55 Va. (14 Gratt.) 635, 635 (1857).  Lost or misplaced property may become the subject of larceny if the finder is aware or has the means of ascertaining the owner, or has reason to believe the owner may be discovered, but, nevertheless, intends to appropriate it to his own use.  *Hutchinson v. Commonwealth*, 133 Va. 710, 719-20 (1922) (upholding larceny conviction of defendant who cashed for his own gain several bonds found lying on the street where the bonds provided information as to the owner).[4]

Here, Welch testified that she found the tablet lying on the counter in the store next to a soda machine.  While the location within the store itself is not dispositive as to whether Welch had the intent to steal the tablet, it is relevant with respect to the good faith and legitimacy of Welch's belief that the tablet was actually abandoned.  A fact finder could reasonably reject Welch's claim that she believed a valuable Samsung tablet would be relinquished by its owner in a Sheetz gas station.  As the trial court aptly noted, Welch's argument would be more persuasive had she found the tablet in a less-traveled location.  While, again, credibility and intent are generally factual determinations, a "finder" who locates a diamond ring with an inscription from 1980 in a cornfield or a wing-backed chair by the side of the road can make a colorable claim that the item is lost or abandoned.  Here,

---

[4] Other jurisdictions have reached similar conclusions.  *See State v. Moore*, 264 S.E.2d 899, 900 (N.C. Ct. App. 1980) ("[T]he modern view in this jurisdiction as well as others is that casually lost property may be the subject of larceny as well as that which is mislaid."); *State v. Smith*, 916 P.2d 773, 779 (Mont. 1996) ("To establish the offense of theft of lost or mislaid property, the State must prove . . . [inter alia] . . . that the defendant knew or learned the owner's identity or learned of a reasonable method of identifying the owner[.]").

Welch picked up the tablet inside a retail establishment in a place anyone could have conceivably put it down temporarily to attend to another task. She then covered the tablet with napkins, asked no questions, and walked off with it.

Under these circumstances, the trial court found that Welch lacked an "honest belief" that the tablet was abandoned. We are bound by the trial court's findings of fact and credibility when they are supported by the record. *Ramsey v. Commonwealth*, 65 Va. App. 593, 600-01 (2015); *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019). On appeal, we owe the "highest degree" of deference not only to the fact finder's determination on matters of credibility, but also to the fact finder's "interpretation of all of the evidence." *Meade v. Commonwealth*, 74 Va. App. 796, 806, 815 (2022). "When the law says that it is for triers of the facts to judge the credibility of a witness, the issue is not a matter of degree." *Towler*, 59 Va. App. at 291 (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)). Here, the trial court's findings were not plainly wrong and were supported by evidence in the record. Thus, we uphold Welch's conviction.

CONCLUSION

A defendant charged with larceny may assert an "honest belief" that the property she is charged with stealing was abandoned. *Barnes*, 190 Va. at 740. The accused's mistaken belief, under a claim-of-right defense, must be sincere and not a mere pretext. *See Groves*, 50 Va. App. at 63. Here, the trial court determined that Welch lacked a "good faith belief" that the tablet was abandoned. The determination is amply supported by the evidence. Accordingly, Welch's conviction for petit larceny is affirmed.

*Affirmed.*